IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF/RESPONDENT

V.                          Case No. 2:13-cr-20029

MATTHEW FRANKLIN                                   DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed May 12, 2014. (Doc. 46) The United States filed its Response on June 23, 2014. Petitioner did not file any reply, but on August 20, 2014 he filed a Motion to Amend. (Doc. 51) The Motion to Amend, which did not change any of the four grounds raised by Petitioner nor change any of the supporting facts, was granted by Order of the Court entered on August 21, 2014. (Doc. 52) The matter is ready for Report and Recommendation.

### I. Background

On April 24, 2013, Defendant/Petitioner, Matthew Franklin ("Franklin"), was named in a five-count Indictment charging him with four counts of knowingly receiving visual depictions of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of knowingly possessing a Toshiba 500 GB External Hard Drive that contained images of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. 1)

Franklin appeared for arraignment with his retained counsel, Erwin Davis, on May 9, 2013, and he entered a not guilty plea to each count of the Indictment. (Doc. 5)

On July 26, 2013, Franklin, through his counsel, filed a Motion to Suppress Evidence Seized In An Unlawful Search (Doc. 19) and a Motion to Suppress Defendant's Statement (Doc. 20). A

-1-

hearing was held on these motions on August 14, 2013, after which the Court denied both motions. (Docs. 29, 30)

On July 31, 2013, Franklin was named in a seven-count Superseding Indictment charging, in addition to the original five counts, two additional counts of knowingly possessing images of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. 21) Franklin appeared for arraignment with his retained counsel, Erwin Davis, on August 5, 2013, and he entered a not guilty plea to each count of the Superseding Indictment. (Doc. 26)

On August 20, 2013, Franklin appeared, with his retained counsel, before Hon. P. K. Holmes, III, for a change of plea hearing. (Doc. 32) A written Plea Agreement was presented to the Court, and Franklin plead guilty to Count One of the Superseding Indictment. (Doc. 33) The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR"). (Doc. 32)

In Franklin's final PSR, submitted by the United States Probation Office on November 25, 2012, a Base Offense Level of 22 was assessed (PSR, ¶ 38); this was increased 15 levels for specific offense characteristics (PSR, ¶¶ 39-43), resulting in an Adjusted Offense Level of 37 (PSR, ¶ 47); and, after a three level reduction for acceptance of responsibility, Franklin's Total Offense Level was determined to be 34. (PSR, ¶¶ 49-51). Franklin's criminal history score of two placed him into Criminal History Category II. (PSR, ¶ 67) The statutory range for the offense of conviction called for a mandatory minimum of five years and a maximum of 20 years imprisonment. (PSR, ¶ 93) Franklin's advisory guideline range was determined to be 168 to 210 months imprisonment. (PSR, ¶ 94) The Respondent filed a Sentencing Memorandum in which it contended that the advisory guideline range was correct, and that Franklin's objections to the PSR should be overruled. (Doc. 40) Franklin, through his counsel, filed a Sentencing Memorandum on January 2, 2014, in which he

requested a downward departure to Total Offense Level 22, a criminal history score of zero, and seeking that the Court impose either five years probation or the statutory minimum of five years imprisonment. (Doc. 42)

Franklin appeared for sentencing on January 7, 2014. (Doc. 43) The Court departed from the advisory guideline range and sentenced Franklin to 84 months imprisonment, followed by seven years supervised release, no fine, and imposition of a $100.00 special assessment. (Docs. 43, 44) Judgment was entered by the Court on January 7, 2014. (Doc. 44) No direct appeal was taken by Franklin.

On May 12, 2014, Franklin filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion"). (Doc. 46) The Motion raises four issues, all relating to ineffective assistance of counsel, to wit: (1) failure to move to suppress the evidence on the basis that the search warrant was over-broad by failing to describe the person to be searched; (2) failure to advocate that the alleged crime was a common law offense and that there are no common law offenses against the United States; (3) failure to advocate that 18 U.S.C. § 2252 *et. seq.* is not an act of Congress and, therefore, is not a law within itself; and, (4) failure to advocate that the alleged evidence was due to be suppressed on the basis that there was no probable cause to issue the search warrant.

The United States' Response in opposition to the Motion was filed on June 23, 2014. (Doc. 49) Franklin did not file any reply. On August 20, 2014 Franklin did file a Motion to Amend. (Doc. 51) Franklin's Motion to Amend, which did not substantively change any of the four grounds he previously raised, nor change any of the supporting facts, was granted by Order entered on August 21, 2014. (Doc. 52)

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Franklin's Motion and the files and records of this case conclusively shows that Franklin is entitled to no relief, and the undersigned recommends the denial and dismissal of Franklin's Motion with prejudice without an evidentiary hearing.

### A.  Ineffective Assistance Of Counsel Claims

To prove a claim of ineffective assistance of counsel, Franklin must demonstrate both that his counsel's performance was deficient, and that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, Franklin must show that his counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. To establish the prejudice prong of the

*Strickland* test, Franklin must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Franklin plead guilty to the offense of conviction. When a guilty plea is entered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the guilty plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984), *citing Tollett v. Henderson*, 411 U.S. 258, 266 (1973). As the Court in *Tollett* eloquently observed:

> ". . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *He may only attack the voluntary and intelligent character of the guilty plea* by showing that the advise he received from counsel was not within the standards set forth in *McMann*[1].
>
> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, (internal citation omitted) it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings." *Id*. at 267. (Emphasis added.)

The rationale and ruling of *Tollett*, while a decision concerning a state prisoner's habeas claims, has been adopted by the Eighth Circuit for application to motions made by federal prisoners under 28 U.S.C. § 2255. *See Bass*, 739 F.2d at 406.

_____

[1] *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

The standard for determining the validity of a guilty plea remains whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), *citing Boykin v. Alabama*, 395 U.S. 238, 242 (1969), *Machibroda v. United States*, 368 U.S. 487, 493 (1962), and *Kercheval v. United States*, 274 U.S. 220, 223 (1927). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). A defendant has a heavy burden to overcome those admissions and show that his guilty plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74 (1977).

In the present case, Franklin was represented by experienced retained counsel, Erwin Davis, throughout the criminal proceedings leading to and including the change of plea hearing. Prior to the change of plea hearing, Mr. Davis had represented Franklin at two arraignments (Doc. 5, 26); in two detention hearings (Docs. 6, 17); he had prepared and filed motions to suppress challenging the validity of both the Search Warrant and Franklin's statements to investigators (Docs. 19, 20); and, he had represented Franklin and litigated those motions at a hearing (Doc. 29). Mr. Davis had negotiated a written Plea Agreement with the Assistant United States Attorney prosecuting the case, and he carefully reviewed the Plea Agreement with Franklin before obtaining Franklin's signature on it. (Doc. 33, ¶ 29) The Plea Agreement informed Franklin of the count of conviction, being Count I of the Superseding Indictment (charging Franklin with knowing receipt of images of child pornography in violation of 18 U.S.C. §§ 2251(a)(2) and (b)(1)), and the counts to be dismissed. (Doc. 33, ¶ 1) Franklin acknowledged that he had fully discussed with his counsel the facts of the

case and the elements of the crime to which he was pleading guilty; he agreed that he had committed each of the elements of the crime to which he was pleading guilty; and, he admitted the factual basis for the plea. (Doc. 33, ¶ 2) The Plea Agreement advised Franklin of his constitutional and statutory rights, including the right to persist in his plea of not guilty. (Doc. 33, ¶ 3) By signing the Plea Agreement, Franklin admitted that he had entered into the Plea Agreement freely, voluntarily, and without reservation, and that his desire to enter a plea of guilty was not the result of any threats or coercion. (Doc. 33, ¶ 28)

During the change of plea hearing on August 20, 2013, Franklin was sworn on oath and examined about the offense; the Court inquired of Franklin about his age and level of education; inquiry was made as to whether Franklin was under the influence of alcohol or drugs, and whether Franklin was able to comprehend the proceedings; inquiry was made as to whether Franklin was satisfied with his counsel; the possible severity of sentence was explained, as well as Franklin's constitutional and statutory rights; and, upon such inquiry in open court, the Court determined that Franklin's guilty plea to Count One of the Superseding Indictment was voluntary and intelligent, and that there was a factual basis to support the guilty plea. (Doc. 32)

Franklin does not specifically allege in his § 2255 Motion that his claims of ineffective assistance of counsel rendered his guilty plea involuntary, unintelligent, and invalid; but rather, he claims that had his counsel pursued certain aspects of the case there could have been no conviction. To the extent that Franklin's § 2255 Motion does not challenge the voluntary and intelligent character of his guilty plea, it is plainly deficient and subject to dismissal. Counsel's failure to correctly appraise the constitutional significance of certain facts, or counsel's failure to pursue a particular factual inquiry that would have uncovered some possible constitutional infirmity in the

proceedings, are both insufficient to support vacating a guilty plea voluntarily and intelligently entered. *Tollett*, 411 U.S. at 267. To the extent that the allegations of his § 2255 Motion may be construed to indirectly challenge the voluntary and intelligent character of his guilty plea, the alleged claims lack merit and are subject to dismissal.

**B.  Failure To Move To Suppress Evidence Because Search Warrant Was Over-Broad**

Franklin first contends that his counsel's performance was deficient because counsel failed to move to suppress evidence on the basis that the Search Warrant was over-broad by failing to describe the person to be searched. The Search Warrant was not issued as to a person, but for the search of specific premises for specific items. (Doc. 25-1) Nonetheless, Franklin's counsel did, in fact, challenge the validity of the Search Warrant on the basis that it was over-broad.

Franklin's counsel put forth numerous arguments in a written Motion to Suppress Evidence Seized in Unlawful Search filed on July 26, 2013. (Doc. 19) Nine grounds are advanced in support of suppression of the items seized in the search, including that, "the affidavit does not show or attempt to show any relationship between the premises, the defendant and the objects seized." (Doc. 19, ¶ 4(e)) This ground can reasonably be construed to include that the Search Warrant was over-broad for failing to identify a person to be searched. A hearing on the Motion to Suppress Evidence was held on August 14, 2013. At the hearing, defense counsel specifically cross-examined Det. Eversole, the officer who obtained the Search Warrant, about making a determination as to "how many people had lived there during the proximate time period, and how many people had visited there, and how many people had used that particular computer." (Motion to Suppress Transcript, p. 54) At the conclusion of the hearing, the Court found that the Affidavit for the Search Warrant, and the Search Warrant itself, were sufficient because they provided for the place to be searched and the

things to be searched, namely, computers, computer paraphernalia, thumb drives, compact disks, hard drives, storage devices, and/or any print media/visual devices, and that those were the only items seized.[2] (Motion to Suppress Transcript, p. 122)

The record in this case confirms that Franklin's counsel did, in fact, move to suppress the evidence seized during the search on many grounds, including the ground that Franklin now claims he failed to do. As pointed out by the United States, this is not an instance where defense counsel made no effort to test the sufficiency of an affidavit for a search warrant or to challenge the validity of a search warrant; to the contrary, Franklin's counsel did advocate this issue, among others, to the Court in proceedings seeking to suppress the evidence obtained during the search. Even though counsel's arguments and efforts were unsuccessful, his inability to persuade the Court to suppress the evidence does not fall below the range of competence demanded of attorneys in criminal cases. *See James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996) (counsel is not ineffective simply because his arguments ultimately are unsuccessful).

As Franklin has failed to show that his counsel's performance was deficient regarding this issue, there is no need to address the second *Strickland* prong of prejudice. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (if a movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim). Even so, Franklin has not asserted that but for his counsel's allegedly deficient performance on this suppression issue that he would not have pleaded guilty and would have insisted on going to trial, therefore, he has not met the prejudice requirement where a guilty plea is challenged. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (where a guilty plea is challenged under the second prong of

---

[2] Except for two marijuana pipes and a green bag of drug paraphernalia.

the *Strickland* test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial).

### C. Failure To Advocate The Alleged Crime Was Only A Common Law Offense

Franklin next claims that his counsel was ineffective for failing to advocate "that the alleged crimes was a common law offense and that there are no common law offense against the United States ..." This claim lacks merit for two reasons: first, the United States Congress did have authority to enact the statute; and, second, Franklin does not allege and specify any non-frivolous argument his counsel could have made concerning any state powers the federal government interfered with by passage of 18 U.S.C. § 2252.

Only incorrect and conclusory allegations are made by Franklin in support of this claim. Franklin fails to substantiate his claim with any factual or legal support, and his failure to do so is sufficient cause for the Court to summarily reject it. *See Richardson v. United States*, 577 F.2d 447, 452 (8th Cir. 1978); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance); *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are insufficient to state a ground for relief under § 2255).

Franklin is, of course, correct in stating that there are no common law offenses against the United States. *See United States v. Eaton*, 144 U.S. 677, 687 (1892). That, however, does not end the inquiry. It has long been established that one may be prosecuted, convicted and punished under federal law if his conduct "plainly and unmistakably" violates the provisions of a federal statute. *See United States v. Gradwell*, 243 U.S. 476, 485 (1917), citing *United States v. Lacher*, 134 U.S. 624, 628 (1890). Franklin was. As noted by the Respondent, the federal statute under which Franklin was

-10-

charged and convicted, 18 U.S.C. § 2252, was originally enacted as the "Protection of Children Against Sexual Exploitation Act," Pub.L.No. 95-225, 92 Stat. 7, on February 6, 1978, as "[a]n Act to amend title 18 of the United States Code relating to the sexual exploitation of minors . . ." Therefore, quite clearly, Franklin was indicted, prosecuted, convicted and sentenced for conduct in violation of a federal statutory offense.

Franklin's § 2255 Motion raises no constitutional challenge to 18 U.S.C. § 2255, but merely asserts in conclusory fashion that, ". . . such offense was only punishable under the common law and statute law of the state, and not the General maritime and permanent Statute laws of the U.S." In this assertion he is plainly wrong. Moreover, and although Franklin has raised no such challenge here, the Eighth Circuit has many times affirmed the constitutionality of the statutes related to child pornography when presented with a challenge to the authority of Congress to enact such a statute. *See United States v. Hoggard*, 254 F.3d 744, 746 (8th Cir. 2001) (Congress had authority under Commerce Clause to enact 18 U.S.C. § 2251); *United States v. Bausch*, 140 F.3d 739, 740-41 (8th Cir. 1998) (Congress had authority under Commerce Clause to enact 18 U.S.C. § 2252).

For the reasons just mentioned, Franklin's ineffective assistance of counsel claim on this issue fails. Franklin has not demonstrated, nor can he, that had his counsel advocated either (1) that the crime with which Franklin was charged was a common law offense only punishable under state law, or (2) that 18 U.S.C. § 2252 was an unconstitutional Act of Congress, that such argument would have been successful and barred his prosecution in this Court. Failing to make such an argument is not, in the Court's view, deficient performance under *Strickland*. Nor can Franklin show prejudice as he has failed to allege and demonstrate that but for his counsel's allegedly deficient performance on this issue that he would not have pleaded guilty and would have insisted on going to trial. *See*

*Hill, Supra.*

### D.  Failure To Advocate That 18 U.S.C. § 2252 Was Not An Act Of Congress

For his third ground for relief, Franklin claims that his counsel was ineffective because he did not advocate that 18 U.S.C. § 2252 is not an Act of Congress, but merely "an act of the Office of the Law Revision Counsel." Franklin cites no supporting factual or legal authority for his claim, and it is subject to summary dismissal.

Contrary to Franklin's argument, Title 18 of the United States Code has been enacted into positive law. The Act of Congress that created the modern federal criminal code provided in part that "Title 18 of the United States Code . . . is hereby revised, codified and enacted into positive law." Act of June 25, 1948, Ch. 645, 62 Stat. 683. *See also United States v. Watson*, 570 F.2d 282, 284 (8th Cir. 1978) (Congress has enacted Title 18 into positive law as codified). Further, as noted above, the federal statute under which Franklin was convicted, 18 U.S.C. § 2252, was originally enacted as the "Protection of Children Against Sexual Exploitation Act," Pub.L.No. 95-225, 92 Stat. 7, on February 6, 1978, as "[a]n Act to amend title 18 of the United States Code relating to the sexual exploitation of minors . . .", and it contained an enacting clause.

Respondent discusses the significance of whether or not a statute has been enacted into positive law, pointing out that, "Congress' failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable," citing *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985). This discussion, while informative, is unnecessary to a determination of Franklin's claim as Franklin has not alleged and identified any variance between the original Act as reflected in the Statutes at Large and the codification of the Act in Title 18 of the United States Code.

Franklin's ineffective assistance of counsel claim on this issue fails to afford him any relief. Franklin has not established that had his counsel advocated that 18 U.S.C. § 2252 was not an Act of Congress that such argument would have been successful and barred his prosecution in this Court. Counsel's failure to make such an argument does not constitute deficient performance under *Strickland*. Nor can Franklin show prejudice as he has failed to allege and demonstrate that but for his counsel's allegedly deficient performance on this issue that he would not have pleaded guilty and would have insisted on going to trial. *See Hill, Supra.*

### E.  Failure To Move To Suppress Evidence For No Probable Cause

Finally, and incredulously, Franklin claims that his counsel was ineffective because he "failed to advocate the fact that the alleged evidence was due to be suppressed on the basis that there was no probable cause to issue the search warrant." Franklin's claim is flatly contradicted by the record in this case.

Franklin's counsel filed a written Motion to Suppress Evidence Seized in an Unlawful Search (Doc. 19), in which counsel specifically argued: that the issuing Judge incorrectly found probable cause for the issuance of the warrant in the affidavit; that the affidavit did not contain facts sufficient as a matter of law to establish probable cause; and, that the search warrant was invalid and improperly issued and returned past the time set forth in the warrant. (Doc. 19, ¶¶ 4(b)-4(d))

At the August 14, 2013 hearing on the Motion to Suppress, Franklin's counsel extensively cross-examined Det. Eversole, the police officer who prepared and signed the Affidavit for Search Warrant, about the facts set forth in the Affidavit. Counsel asked Det. Eversole about use of the investigative program "Roundup" to identify suspected child pornography activity; how the Roundup program worked; about obtaining a subpoena response from Cox Communications regarding the

-13-

location of the suspect IP address; about discrepancies in the affidavit from an earlier affidavit; about whether the Roundup program distinguishes between sending and receiving child pornography; and, that this was Det. Eversole's first affidavit involving with his use of the Roundup program. (Motion to Suppress Transcript, pp. 39-55) Counsel also asked Det. Eversole about the actual execution of the Search Warrant, including contact with Franklin's grandparents, when Miranda rights were given, whether he had the Search Warrant during the search, and about the delay in making a return on the Search Warrant. (Motion to Suppress Transcript, pp. 55-59)

The record unequivocally demonstrates that Franklin's counsel advocated for suppression of the evidence obtained during the search on the basis that there was no probable cause to support issuance of the Search Warrant. The Court clearly understood this in ruling on the Motion to Suppress Evidence, stating that, ". . . the primary contention of the motion was that there was a lack of probable cause for the issuance of the Search Warrant." (Motion to Suppress Transcript, p. 120) Franklin's counsel advocated the probable cause issue; the Court denied it. Just because counsel's arguments and efforts on this point were unsuccessful does not equate to ineffective assistance of counsel under *Strickland*. *See James, Supra.* (counsel is not ineffective simply because his arguments ultimately are unsuccessful).

Franklin's ineffective assistance of counsel claim on this issue also fails. Franklin has argued that his counsel failed to advocate on his behalf that there was insufficient probable cause for issuance of the Search Warrant. The record shows otherwise. Counsel did raise and litigate the issue of whether there was probable cause for the Search Warrant, but the Court ruled against him. Counsel's performance on this issue does not fall below the range of competence demanded of attorneys in criminal cases so as to satisfy the deficient performance prong of the *Strickland* test. Nor

-14-

can Franklin show prejudice as he has failed to allege and demonstrate that but for his counsel's allegedly deficient performance on this issue that he would not have pleaded guilty and would have insisted on going to trial. *See Hill, Supra.*

### F.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Such are the circumstances in this case. Accordingly, the undersigned recommends the summary dismissal of Franklin's § 2255 Motion without an evidentiary hearing.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Franklin's claims are not supported by the record in this case. I recommend that Franklin's Motion, filed under 28 U.S.C. § 2255, be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of February, 2015.

/s/ *Mark E. Ford*

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-15-